# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**LEWIS DAVID PATTERSON**                                                       **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO.: 3:13cv147-DPJ-FKB**

**KENNETH LEWIS**                                                                   **DEFENDANT**

## DEFENDANT SHERIFF KENNETH LEWIS'S
## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, Sheriff Kenneth Lewis ("Defendant"), by and through counsel, and responds to Plaintiff's Complaint in the above-referenced case as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant pleads all applicable statutes of limitation.

### THIRD DEFENSE

To the extent Plaintiff seeks to sue Defendant Lewis in his individual capacity, this Defendant is entitled to qualified immunity from Plaintiff's claims in that his conduct did not violate clearly established constitutional rights of which a reasonable person would have known.

### FOURTH DEFENSE

To the extent Plaintiff seeks to sue Defendant Lewis in his official capacity as Sheriff of Simpson County, Mississippi, punitive damages cannot be assessed against Sheriff Lewis in his official capacity.

## FIFTH DEFENSE

To the extent Plaintiff has sued Defendant Sheriff Lewis in his official capacity as Sheriff of Simpson County, Mississippi, the alleged deprivations of Plaintiff's constitutional rights did not occur through, nor were they caused by, an established policy or custom of Simpson County, Mississippi. Therefore, there is no county liability under federal law.

## SIXTH DEFENSE

While denying that Plaintiff is entitled to punitive damages, Defendant affirmatively pleads:

1. Plaintiff is not entitled to recover punitive damages because no legislation has been enacted authorizing punitive damages in this civil action or placing any limit on the amount of such damages which may be awarded.

2. Plaintiff is not entitled to recover punitive damages because the criteria used for determining whether and in what amount punitive damages may be awarded are vague and inconsistent, and thus violate the due process provisions of the Constitution of Mississippi of 1890 and the Constitution of the United States.

3. Plaintiff is not entitled to recover punitive damages because there exists no adequate procedure for post-trial review of an award of such damages, which absence violates the due process provisions of the Constitution of Mississippi and the Constitution of the United States.

## SEVENTH DEFENSE

It does not appear that Plaintiff has brought any state law claims. If he has, Defendant pleads that he is entitled to all rights, immunities and privileges contained in Miss. Code Ann. § 11-46-1, et. seq., including, but not limited to all exemptions from liability set forth therein, the

notice of claim requirements set forth therein, the limitations on liabilities set forth therein, as well as the fact that Plaintiff is not entitled to a jury trial pursuant to said Act. Further, Defendant pleads that Plaintiff failed to satisfy the statutory notice provisions contained in Miss. Code Ann. § 11-46-11, et seq.

**EIGHTH DEFENSE**

Plaintiff failed to comply with the requisite administrative remedies program and/or administrative grievance procedure in effect at the Simpson County Adult Detention Center.

**NINTH DEFENSE**

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or further investigation.

**ANSWER**

Without waiving any of the foregoing affirmative defenses, Defendant makes the following responses to each numbered paragraph of the Plaintiff's Complaint:

1. The allegations contained in Paragraph A of Plaintiff's Complaint, including subsections, contain no allegations to which Defendant is required to respond. Should Defendant be mistaken in this regard, he denies the same.

2. The allegations contained in Paragraph B of Plaintiff's Complaint, including subsections, contain no allegations to which Defendant is required to respond. Should Defendant be mistaken in this regard, he denies the same.

3. Defendant is without information sufficient to admit or deny the allegations contained in Paragraph I of Plaintiff's Complaint, including subsections, and, therefore, denies the same.

4. The allegations contained in Paragraph II of Plaintiff's Complaint, including subsections, are denied. Defendant admits, however, that he is Sheriff of the Simpson County Sheriff's Department. Otherwise, denied.

5. The allegations contained in Sections (A)-(F) of Plaintiff's Complaint, including subsections, contain no allegations to which Defendant is required to respond. Should Defendant be mistaken in this regard, he denies the same.

6. The allegations contained in Paragraph III of Plaintiff's Complaint, including all allegations contained on any additional handwritten page(s), are denied.

7. The allegations contained in Paragraph IV of Plaintiff's Complaint are denied.

AND NOW, having answered and asserted affirmative defenses, Defendant, Sheriff Kenneth Lewis, denies that the Plaintiff is entitled to any relief whatsoever and requests that this Court dismiss Plaintiff's Complaint with prejudice.

DATED this the 9th day of August, 2013.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY:  */s/ Jason T. Marsh*
Gary E. Friedman, MB #5532
Jason T. Marsh, MB #102986
4270 I-55 North
Jackson, Mississippi 39211-6391
Telephone: (601) 352-2300
Telecopier: (601) 360-9777
Email: friedmag@phelps.com
         marshj@phelps.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I, JASON T. MARSH, do hereby certify that on August 9, 2013, I electronically filed the foregoing *ANSWER AND AFFIRMATIVE DEFENSES* with the Clerk of the Court using the CM/ECF system which sent notification of such filing and I hereby certify, I forwarded, via United States mail, postage prepaid, a true and correct copy of the above and foregoing document to the following non-ECF participate:

Lewis David Patterson
Simpson County Adult Detention Center
120 Cemetery Rd.
Mendenhall, MS 39114

*PRO SE PLAINTIFF*

THIS, the 9th day of August, 2013.

> */s/ Jason T. Marsh*
> JASON T. MARSH